# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN A. DAVIS,<br><br>      Plaintiff,<br><br>    v.<br><br>A. HERRICK and R. PARKER,<br><br>      Defendants. | 1:15-cv-01299-LJO-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER TO THE COMPLAINT<br><br>(ECF NO. 19) |

Glen Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 10, 2017, Defendants filed their answer to Plaintiff's complaint. (ECF No. 16). Less than a month later, on April 7, 2017, Defendants filed a motion for leave to amend their answer to the complaint. (ECF No. 19). Plaintiff did not file an objection.

Defendants move for leave to amend their answer because they want to add the affirmative defenses of failure to exhaust administrative remedies and failure to comply with the applicable statute of limitations to their answer. Defendants state that they inadvertently omitted the failure to exhaust defense from their answer, and that they only became aware of their statute of limitations defense when their counsel began reviewing documents in preparation for initial disclosures.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). See also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the

1

movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted). See also Waldrip v. Hall, 548 F.3d at 732.

Given that the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the short time period between the answer being filed and the motion to amend the answer, the lack of prejudice to Plaintiff, and the fact that Plaintiff did not object to this motion, the Court will grant Defendants' motion for leave to amend.

Accordingly, based on the foregoing, IT IS ORDERED that Defendants' motion for leave to amend their answer is GRANTED. Defendants have leave to file their proposed amended answer (ECF No. 19-2).

IT IS SO ORDERED.

Dated: **May 8, 2017**　　　　　　　　/s/ Erin P. Grosjean
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE