1
2
3                    UNITED STATES DISTRICT COURT
4                    EASTERN DISTRICT OF CALIFORNIA
5
6   GLEN A. DAVIS,                          1:15-cv-01299-LJO-EPG (PC)
7                      Plaintiff,           ORDER CONVERTING MOTION FOR
                                            JUDGMENT ON THE PLEADINGS TO
8          v.                               MOTION FOR SUMMARY JUDGMENT
                                            (ECF NO. 24)
9   A. HERRICK and R. PARKER,
10                     Defendants.
11
12

13         Glen A. Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

14  with this civil rights action pursuant to 42 U.S.C. § 1983.  On May 16, 2017, Defendants filed a

15  motion for judgment on the pleadings on the basis that this action is barred by the statute of

16  limitations.  (ECF No. 24).

17         On June 20, 2017, Plaintiff filed a response to the motion.  (ECF No 25).   In his response,

18  Plaintiff states that the facility he is housed at is on modified institutional lockdown, so he has not

19  had adequate time to prepare his opposition and research case law. [1]  Plaintiff also alleges that he

20  was in administrative segregation before he filed this case, and was not given adequate time to do

21  any sort of legal research or attend the law library.  Instead of providing evidence that he was in

22  administrative segregation and was not given adequate time to do legal research or attend the law

23  library, Plaintiff asks the Court to contact the California Substance Abuse Treatment Facility to

24  verify his allegations.

25         "A judgment on the pleadings is properly granted when, taking all the allegations in the

26
    _____
27         [1] The Court notes that if Plaintiff needs additional time to prepare a response to Court orders or
    to motions filed by the opposing party, he may file a motion to extend time to file the response.  The motion should
    explain why Plaintiff needs additional time.  If a facility is on lockdown, and if that lockdown interferes with a
28  plaintiff's ability to prosecute a case, the Court will generally grant an extension of time.

pleadings as true, the moving party is entitled to judgment as a matter of law." Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998). "[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). See also Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Among other things, Plaintiff appears to be arguing that he is entitled to equitable tolling. See, e.g., Addison v. State of California, 21 Cal.3d 313 (1978). Because the resolution of this issue will require the Court to go beyond the pleadings, the Court will convert the motion for judgment on the pleadings into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The parties will be given until July 21, 2017, to submit any evidence that they want the Court to consider. Because it appears that Plaintiff has not yet been able to fully prepare an opposition to what was the motion for judgment on the pleadings, Plaintiff may also file a response to the motion. Replies, and objections to the opposing parties' evidence, will be due July 28, 2017.

The Court recognizes that discovery has not yet been opened in this case. Accordingly, the parties will be given until July 7, 2017, to file a motion to open discovery. In addition to listing what discovery the filing party needs and why it is relevant, the motion should state whether the filing party believes that the deadline to submit evidence should be extended so that the discovery can be completed before evidence must be submitted. The deadline for filing a reply to a motion to open discovery will be July 14, 2017.

**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rand v. Rowland, 154 F.3d 952, the Court hereby notifies Plaintiff of the following rights and requirements for opposing defendants' motion for summary judgment.

2

**NOTICE AND WARNING:**

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations,[2] depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[3] that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS**

You are responsible for filing all evidentiary documents cited in the opposing papers. Local Rule 260(b). If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." See also Fed. R. Civ. P. 56(d).

---

[2] To be admissible, a declaration must be subscribed by the declarant as true under penalty of perjury, in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

[3] The substance of Rule 56(e) from the 1998 version, when Rand was decided, has been reorganized and renumbered with the current version of Rule 56(c).

Accordingly, based on the foregoing, IT IS ORDERED:

1. Defendants' motion for judgment on the pleadings is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56;

2. The parties have until July 7, 2017, to file a motion to open discovery. In addition to listing what discovery the filing party needs and why it is relevant, the motion should state whether the filing party believes that the deadline to submit evidence should be extended so that the discovery can be completed before evidence must be submitted. The deadline for filing a reply to a motion to open discovery is July 14, 2017;

3. The parties have until July 21, 2017, to submit any evidence that they want the Court to consider. Plaintiff may also file a response to the motion for summary judgment. Replies, and objections to the opposing parties' evidence, are due July 28, 2017.[4]

IT IS SO ORDERED.

Dated:   **June 22, 2017**                    /s/ _Erica P. Groj_
                                         UNITED STATES MAGISTRATE JUDGE

---

[4] This deadline may be extended if the Court grants a motion to open discovery as to this issue.