UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN A. DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>A. HERRICK and R. PARKER,<br><br>    Defendants. | 1:15-cv-01299-LJO-EPG (PC)<br><br>ORDER EXTENDING DEADLINES AND DENYING PLAINTIFF'S MOTION FOR DISCOVERY, MOTION FOR EXTENSION OF TIME, AND REQUEST FOR SUBPOENA<br><br>(ECF NOS. 28 & 32) |

  Glen A. Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 16, 2017, Defendants filed a motion for judgment on the pleadings on the basis that this action is barred by the statute of limitations. (ECF No. 24). On June 20, 2017, Plaintiff filed his opposition to the motion. (ECF No. 25).

  Because it appeared that Plaintiff was attempting to raise the issue of equitable tolling, the Court converted Defendants' motion for judgment on the pleadings into a motion for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 26). The Court gave the parties until July 7, 2017, to file a motion to open discovery. (Id. at 4). The Court ordered that the motion to open discovery should list what discovery the filing party needs and why it is relevant. (Id.).

  On July 13, 2017, Plaintiff filed a motion for discovery. (ECF No. 28). On July 18, 2017, Plaintiff filed a motion for extension of time, as well as a request for the Court to issue a subpoena. (ECF No. 32). Plaintiff's motion for discovery includes discovery requests, but does not explain the relevance of the requested discovery. As to Plaintiff's motion for extension of time, Plaintiff wants additional time so that he can obtain the evidence that he is seeking.

On July 18, 2017, Defendants filed an opposition to Plaintiff's motion for discovery. (ECF No. 31). Defendants argue that the discovery Plaintiff seeks is not relevant to the issue of whether Plaintiff's action is barred by the statute of limitations, which is the only issue currently before the Court.

Defendants are correct that the Court did not intend to open discovery for all purposes. Instead, as Defendants point out, it was the Court's intention to allow limited discovery on the issue of whether Plaintiff filed his case within the applicable statute of limitations so that such evidence can be used to evaluate Defendants' pending motion to dismiss. Plaintiffs' current discovery requests concern the underlying claims in this case, rather than the issue of statute of limitations. Accordingly, the Court will not allow that discovery at this time.[1]

That said, the Court is concerned that its earlier order was not clear and may have been misunderstood by Plaintiff. Accordingly, the Court will give Plaintiff another chance to file a motion to open discovery ***solely on the issue of whether Plaintiff's action is barred by the applicable statute of limitations (which would include discovery related to the issue of equitable tolling).*** The Court is allowing this because the Court is being asked to decide the question of whether Plaintiffs' case should be dismissed because it is outside the statute of limitations. If Plaintiff requires discovery on an issue related to statute of limitations, he can do so if he requests discovery as described below.

Because the Court is giving Plaintiff the opportunity to file another motion to open discovery, the Court will also extend the deadlines for submitting evidence and replies.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion for discovery (ECF No. 28) is DENIED;
2. Plaintiff's motion for extension of time and request for a subpoena (ECF No. 32) are DENIED;
3. Plaintiff has until August 4, 2017, to file a motion to open discovery solely on the issue of whether Plaintiff's action is barred by the state of limitations (which

---

[1] Note that this case will have an initial telephonic scheduling conference on August 16, 2017 at 3:00 pm. The Court will address discovery more broadly for the case at that time, along with a case schedule.

would include discovery related to the issue of equitable tolling). In addition to listing what discovery Plaintiff needs and why it is relevant, the motion should state whether Plaintiff believes that the deadline to submit evidence should be extended so that discovery can be completed before evidence must be submitted.

4. The deadline for filing a reply to any motion to open discovery is August 18, 2017; and

5. The parties have until October 1, 2017, to submit any evidence that they want the Court to consider. Plaintiff may also file a response to the motion for summary judgment. Replies, and objections to the opposing parties' evidence, are due October 15, 2017.[2]

IT IS SO ORDERED.

Dated:   **July 20, 2017**                   /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] These deadlines may be extended if the Court grants a motion to open discovery.

3