UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN A. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. HERRICK and R. PARKER,<br><br>    Defendants. | Case No. 1:15-cv-01299-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED, THAT DEFENDANTS' MOTION TO STRIKE BE DENIED, AND THAT THIS CASE BE CLOSED<br><br>(ECF NOS. 24 & 50)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY ONE DAYS<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NO. 43) |

Glen A. Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

Defendants' motion for summary judgment (ECF No. 24) is now before the Court. Defendants argue that this case should be dismissed because it was filed outside of the statute of limitations period. Plaintiff argues he is entitled to equitable tolling.

For the reasons described below, the Court recommends granting Defendants' motion for summary judgment.

\\\

1

## I. BACKGROUND

On May 16, 2017, Defendants filed a motion for judgment on the pleadings on the grounds that this action is barred by the statute of limitations. (ECF No. 24). On June 20, 2017, Plaintiff filed his opposition to the motion. (ECF No. 25).

Because it appeared that Plaintiff was attempting to raise the issue of equitable tolling, the Court converted Defendants' motion for judgment on the pleadings into a motion for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 26). The Court allowed the parties to submit any evidence that they wanted the Court to consider. (Id. at 4). Plaintiff was allowed to file a response to the motion for summary judgment. (Id.). The parties were also given an opportunity to file reply briefs and objections to the opposing parties' evidence. (Id.).

Additionally, the Court gave the parties until July 7, 2017, to file motions to open discovery. (Id.). On July 13, 2017, Plaintiff filed a motion for discovery. (ECF No. 28). On July 18, 2017, Defendants filed an opposition to Plaintiff's motion for discovery. (ECF No. 31). Because Plaintiff's motion for discovery appeared to relate to the underlying action rather than the issue of the statute of limitations, the Court denied the motion. (ECF No. 33). However, the Court allowed Plaintiff to file a motion to open discovery solely on the issue of whether Plaintiff's action is barred by the statute of limitations (which would include discovery related to the issue of equitable tolling). (Id. at 2-3).

On August 7, 2017, Plaintiff filed another motion to open discovery. (ECF No. 35). When the motion was discussed at the scheduling conference, Plaintiff stated that he did not need any additional evidence related to the issue of whether his action is barred by the statute of limitations. Accordingly, the Court denied Plaintiff's motion. (ECF No. 39).[1]

On September 29, 2017, Defendants filed their additional evidence. (ECF No. 40). On October 19, 2017, Plaintiff filed his response to the motion for summary judgment and

---

[1] In the motion, Plaintiff also made several arguments related to equitable tolling and attached two exhibits. While the motion was denied, the Court will consider the arguments and exhibits in relation to the motion for summary judgment.

2

additional evidence. (ECF No. 43). On November 1, 2017, Defendants filed a reply to Plaintiff's additional evidence (ECF No. 45), as well as a notice of errata concerning their Exhibit D (ECF No. 44). On December 26, 2017, Plaintiff filed his reply to the new Exhibit D. (ECF No. 49). On January 12, 2018, Defendants filed a motion to strike portions of Plaintiff's reply, as well as the evidence submitted as part of the reply, that do not relate to the new Exhibit D. (ECF No. 50).

## II. OPERATIVE COMPLAINT

### a. Summary of Relevant Portions of Complaint

Plaintiff's complaint and proof of service are dated August 18, 2015. The complaint is eight pages long.

Plaintiff's Complaint alleges that on November 12, 2012, while incarcerated at California Correctional Institution, in Tehachapi, California ("CCI"), Defendant Herrick came to his cell and without cause or justification pepper sprayed him. Defendant Parker observed this happening and did nothing to stop it.

Plaintiff also alleges that Defendants Herrick and Parker retaliated against Plaintiff for telling defendants that Plaintiff had a grievance for them to sign. Plaintiff had attended an interview when arriving at CCI. The door was left open, which allowed the prison guards escorting Plaintiff to listen to everything that was said. Plaintiff had said during the interview that the prison officials at High Desert State Prison were treating inmates poorly as a common practice.

As Plaintiff was escorted back to his unit, Correctional Officer ("C/O") Lima asked Plaintiff about Plaintiff's mistreatment. Plaintiff complained about officers taking things out on inmates. C/O Lima said "yeah we might start doing that around here too."

Plaintiff was moved to another unit and two other officers told Plaintiff not to file grievances or it would make matters worse.

Plaintiff was threatened by co-workers of Defendant Herrick not to complain. Plaintiff nevertheless filed a grievance. After that time, in December 2012, Defendants pepper sprayed Plaintiff again when they were passing out breakfast trays.

Defendants Herrick and Parker claimed that Plaintiff tried to grab them and refused to obey orders, but this was false.

Plaintiff names as defendants A. Herrick, correctional officer at CCI, and R. Parker, correctional officer at CCI.

   b. Screening

The Court screened Plaintiff's complaint and found that Plaintiff stated "cognizable claims against Defendant Herrick for excessive force in violation of the Eighth Amendment, against Defendant Parker for failure to protect in violation of the Eighth Amendment, and against Defendants Herrick and Parker for retaliation in violation of the First Amendment." (ECF No. 10, p. 5). The case is proceeding on these claims. (ECF No. 12).

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded fact-finder could reasonably find for the non-moving party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [fact-finder] could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. "[C]onclusory allegations unsupported by factual data" are not enough to rebut a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2.

Additionally, the Court must liberally construe Plaintiff's filings because he is a *pro se* prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

**IV.    DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Defendants argue that this action was filed outside of the applicable statute of limitations period, even when allowing for tolling while Plaintiff exhausted his administrative remedies. (ECF No. 24, p. 3).

Plaintiff does not dispute that he filed this action over two years after he finished exhausting his administrative remedies. Instead, Plaintiff argues that the statute of limitations did not begin to run until he was made aware that a constitutional or civil rights violation occurred. (ECF No. 25, p. 3).

Plaintiff also argues that he is entitled to equitable tolling. Plaintiff argues that he is entitled to equitable tolling because he was in administrative segregation, and did not receive adequate time to prepare, do legal research, or attend the law library. (ECF No. 25, p. 2). Additionally, Plaintiff argues that he is entitled to equitable tolling because of his low IQ, mental stress, and writing impairments. (ECF No. 35, p. 2; 43, pgs. 2-3). To support his allegation of low IQ, Plaintiff submitted several documents stating that his TABE score is 5.3. (ECF No. 43, pgs. 5, 9, & 10). Plaintiff also submitted interdisciplinary progress notes (ECF No. 35, p. 4), and his junior and senior high school records (id. at 5-6).

Defendants respond that Plaintiff is improperly relying on legal standards from federal habeas cases to support his equitable tolling argument. (ECF No. 45, p. 2). Defendants argue that, applying the proper equitable tolling standard, Plaintiff is not entitled to equitable tolling. (Id. at 4-6). Additionally, Defendants argue that, even if the federal habeas standard applied, Plaintiff failed to meet that standard. (Id. at 2-4).

In Plaintiff's response to Defendants' new exhibit D, Plaintiff provides evidence that approximately two months before the April 22, 2015, due date, his mother died. (ECF No. 49, pgs. 4 & 6). He also alleges that he believes he was attacked twice by inmates "within that month…." (Id. at 4).

a. Statute of Limitations

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. However, the statute of limitations can be tolled for various reasons. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).[2]

Equitable tolling "operates independently of the literal wording of the Code of Civil

---

[2] The Court notes that several of the cases Plaintiff cited to in one of his responses (ECF No. 35, p. 2) are habeas corpus cases that were filed in federal court. These cases do not contain the legal standard applicable to this case.

Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted). Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (Ct. App. 1983) (footnote omitted); Addison v. State of California, 21 Cal. 3d 313, 319 (1978); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001) (en banc). "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the … limitations statute.'" Jones, 393 F.3d at 928 (quoting Lantzy, 31 Cal. 4th at 371)).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)). See also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

"Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Morales v. City of Los Angeles, 214 F.3d 1151, 1153–54 (9th Cir. 2000). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

\\\

\\\

### b. Undisputed Facts

Plaintiff's complaint and proof of service are dated August 18, 2015 (ECF No. 1, pgs. 3, 8, & 9). The latest incident alleged in the complaint occurred in December of 2012.[3] Defendants acknowledge that the statute of limitations was tolled while Plaintiff exhausted his administrative remedies (id. at 6), which, according to Plaintiff, occurred on April 22, 2013 (ECF No. 1, p. 2).[4]

The applicable statute of limitations period is two years. Plaintiff is not entitled to the two year tolling period provided by Cal. Civ. Proc. Code § 352.1(a). Defendants presented evidence that Plaintiff was sentenced to life without the possibility of parole (ECF No. 24, p. 12), and Plaintiff did not dispute the allegation or evidence.

Plaintiff argues that the statute of limitations did not begin to run until he was made aware that a constitutional or civil rights violation occurred. However, Plaintiff is incorrect as a matter of law. Plaintiff's claims accrued when he knew (or had reason to know) of the injury that was the basis of this action. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Based on the facts alleged in the complaint, Plaintiff knew of the injuries he received at the latest on December 31, 2012 (which was when the second pepper spray incident occurred).

Therefore, it is undisputed that Plaintiff filed his complaint approximately four months after the two year statute of limitations ran, unless Plaintiff is entitled to additional equitable tolling.

### c. Analysis

The issue before the Court is whether there is a genuine dispute of material fact regarding whether Plaintiff is entitled to additional equitable tolling for approximately four months. The Court recommends finding that there is not.

---

[3] Defendants argue that all of Plaintiff's claims accrued on November 12, 2012. (ECF No. 24, p. 5). However, Plaintiff alleges he was pepper sprayed for no reason in December of 2012. (ECF No. 1, p. 7). Accordingly, it appears that not all of Plaintiff's surviving claims accrued on November 12, 2012 (or, at the very least, there is a dispute of fact regarding when the last incident occurred). While the Court notes this potential dispute of fact, it is not material because even if the Court used the date of December 31, 2012, to determine when all of Plaintiff's claims accrued (the latest possible date), it does not change the analysis.

[4] Defendants also provide evidence that April 22, 2013, is the date when administrative exhaustion was complete. (ECF No. 40, p. 25).

"The first [prong], timely notice, requires that plaintiff have filed the first claim within the statutory period." Daviton, 241 F.3d at 1138. Here, there is no evidence that Plaintiff filed an earlier claim within the statutory period. The Court notes that in his complaint Plaintiff did allege that he filed a notice of government claim with the Government Claims Board on January 20, 2013 (ECF No. 1, p. 5). This was a notice to a government agency, and not a claim or lawsuit as those terms are used in the equitable tolling cases cited above. Moreover, there is no evidence that Defendants were provided with notice of Plaintiff's filing of the notice to the Government Claims Board. Additionally, that notice concerns related state law claims not asserted in this lawsuit. (ECF No. 1, p. 5).

The Court notes that Plaintiff also filed administrative grievances with the prison. However, the Court was unable to locate any authority suggesting that administrative grievances can be counted for timely notice. Moreover, Plaintiff has not provided any evidence that the administrative grievances in fact put Defendants on notice of his lawsuit.

As Plaintiff has failed to provide any evidence that Defendants had timely notice of Plaintiff's claims through an earlier filed claim, the Court finds that Plaintiff is not entitled to additional equitable tolling. See, e.g., Foss v. Rowen, No. 215CV0686TLNDBP, 2017 WL 416138, at *4 (E.D. Cal. Jan. 30, 2017) (quoting Daviton, 241 F.3d at 1138; Collier, 142 Cal.App.3d at 924) ("California law is clear that the most important aspect of the equitable tolling doctrine is timely notice to 'alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim.'"), aff'd, 704 F. App'x 719 (9th Cir. 2017).

Cases, including the *en banc* Ninth Circuit case of Daviton, 241 F.3d 1131, suggest that this first prong is dispositive. That is, equitable tolling is only available in the context of a section 1983 case where Plaintiff has timely filed an earlier claim. However, other Ninth Circuit cases appear to hold that the first factor is not dispositive. See, e.g., Jones, 393 F.3d at 928 (alteration in original) (internal citations and quotation marks omitted) ("Equitable tolling under California law operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental

practicality and fairness. The purpose of California's equitable tolling doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court. Thus California courts apply equitable tolling to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice. Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute."). Thus, the Court examines the other factors as follows.

As to the second prong, lack of prejudice to defendant in gathering evidence to defend against the second claim, there is no evidence that the four month delay prejudiced Defendants in any way. This factor would favor equitable tolling.

However, the Court cannot find that there is a genuine dispute of fact regarding whether Plaintiff's conduct was reasonable. Collier, 142 Cal. App. 3d 917 at 931 ("One possible indicium of reasonableness and good faith is whether a plaintiff filed the second claim within a reasonable time after the period of tolling concluded."). Plaintiff provides reasons for the delay, including being in administrative segregation, lack of law library access, a writing impairment, lack of access to his legal file, low IQ, deaths in the family, and at least one attack on Plaintiff. However, the evidence indicates that, before his complaint was due under the two year statute of limitations period, Plaintiff was receiving law library access once (and sometimes twice) per week. (ECF No. 35, p. 3). Additionally, Plaintiff's complaint is not long (it is eight pages) (ECF No. 1). And, it was filed in part on a form complaint (id. at 1-3), which suggests that Plaintiff had access to form § 1983 complaints.

Moreover, Plaintiff was able to file a grievance related the November 12, 2012 pepper spray incident on the same day the pepper spray incident occurred. (ECF No. 40, p. 38). And, he was able to file a claim with the Government Claims Board on January 20, 2013 (ECF No. 1, p. 5), which was within a few months of the incidents alleged in the complaint.

As to Plaintiff's argument that he has low IQ, Plaintiff's evidence (interdisciplinary progress notes (ECF No. 35, p. 4), his junior and senior high school records (id. at 5-6), and

several documents stating that his TABE score is 5.3 (ECF No. 43, pgs. 5, 9, & 10)) is not enough to create a genuine dispute of material fact regarding Plaintiff's ability to file this lawsuit in the applicable time period. Defendants argue, (ECF No. 45, p. 3), that Plaintiff's TABE score is high enough that he was not appointed a staff assistant during his Rules Violation Report hearing (ECF No. 43, p. 6). And, again, Plaintiff was able to file an administrative grievance and a claim with the Government Claims Board. He was also able to file this lawsuit, albeit after the applicable period. Finally, the Court has not located legal support for the claim that a Plaintiff with a low IQ is entitled to equitable tolling.

It is also worth noting that Plaintiff presented no evidence that the delay in bringing this case was caused by actions taken by Defendants. Had Defendants actions caused the delay, he might have been entitled to tolling based on the "equity doctrine of estoppel." Lewis v. Superior Court, 175 Cal. App. 3d 366, 372 (Ct. App. 1985); Benner v. Indus. Acc. Comm'n, 26 Cal. 2d 346, 349 (1945) (the doctrine of estoppel applies "where the conduct of the party against whom the claim could be filed was such as to induce the claimant to delay the filing until after the expiration of the time limitation."). But this is not the case here.

The Court ultimately recommends granting Defendants' motion for summary judgment. Plaintiff has not provided evidence that Defendants were timely provided with notice of his claims, a factor that predominates when courts find that a plaintiff is entitled to equitable tolling in § 1983 cases. See, e.g., Foss, 2017 WL 416138, at *4 (quoting Daviton, 241 F.3d at 1138; Collier, 142 Cal.App.3d at 924) ("California law is clear that the most important aspect of the equitable tolling doctrine is timely notice to 'alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim.'"). And, although Plaintiff has pointed to difficulties in his life, the Court does not find that these difficulties prevented him from filing within the statute of limitations period. His claims are straight forward, and do not rely on difficult legal principles. He promptly filed a grievance, and a claim with the Government Claims Board. He was not blocked from filing a complaint by Defendants. Given the public policy favoring the statute of limitations, the Court recommends enforcing that statute here. See, e.g., Pamer v. Lucine, 310 F. App'x 155, 156 (9th Cir. 2009)

(In a § 1983 case involving a California prisoner, although citing to federal standards, the court held that "[t]he district court did not abuse its discretion in deciding that equitable tolling was unwarranted because [Plaintiff] was able to engage in various activities during the time he contended he was physically and mentally unable to file suit.""); Calloway v. Scribner, No. 1:11-CV-00803 DLB PC, 2014 WL 6819872, at *3 (E.D. Cal. Dec. 2, 2014) (declining to apply equitable tolling where, while Plaintiff claimed he was not mentally competent, Plaintiff was able to actively litigate cases during the relevant period), aff'd, 624 F. App'x 607 (9th Cir. 2015).

## V. DEFENDANTS' MOTION TO STRIKE

"Defendants Herrick and Parker move to strike all portions of [Plaintiff's reply to the new Exhibit D] that do not contain objections to Exhibit D to the Declaration of J. Barba, submitted in support of Defendants' Motion for Summary Judgment, as an impermissible sur-opposition." (ECF No. 50, p. 1) (footnote omitted). "In the alternative, if this Court intends to consider Plaintiff's newly submitted evidence, Defendants' request an opportunity to object to this evidence." (Id. at 2).

Plaintiff's reply to the new Exhibit D (including the attached evidence) does not change the Court's analysis or recommendation. Therefore, there appears to be no need to strike the reply, or give Defendants an opportunity to object to the evidence contained therein. Accordingly, the Court will recommend denying Defendants' motion to strike.

## VI. ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL

Included in Plaintiff's response and additional evidence is a request for appointment of pro bono counsel. (ECF No. 43, p. 3).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional

circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

As the Court is recommending that Defendants be granted summary judgment, the Court will deny Plaintiff's request for appointment of pro bono counsel, without prejudice to Plaintiff bringing the request again if the Court's recommendation is not adopted.

## VII. CONCLUSION AND RECOMMENDATIONS

Because it is undisputed that Plaintiff filed this action on August 18, 2015, which was over two years after the date he finished exhausting his administrative remedies, and because Plaintiff is not entitled to additional equitable tolling, the Court will recommend that Defendants' motion for summary judgment be granted. As the Court is recommending that Defendants be granted summary judgment, the Court will deny Plaintiff's request for appointment of pro bono counsel and recommend that Defendants' motion to strike be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for appointment of pro bono counsel is DENIED.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 24) be GRANTED; and
2. Defendants' motion to strike (ECF No. 50) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised

that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 13, 2018**  /s/ *Ericc P. Grosj*
UNITED STATES MAGISTRATE JUDGE