UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN A. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>A. HERRICK and R. PARKER,<br><br>    Defendants. | Case No. 1:15-cv-01299-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CLAIM AGAINST DEFENDANT HERRICK FOR FILING A FALSE RULES VIOLATION REPORT BE DISMISSED<br><br>TWENTY-ONE DAY DEADLINE |

### I. BACKGROUND

Glen A. Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 25, 2015. (ECF No. 1). Plaintiff declined to consent to magistrate judge jurisdiction. (ECF No. 3).

On October 4, 2016, the Court issued a screening order, finding that Plaintiff's complaint "states cognizable claims against Defendant Herrick for excessive force in violation of the Eighth Amendment, against Defendant Parker for failure to protect in violation of the Eighth Amendment, and against Defendants Herrick and Parker for retaliation in violation of the First Amendment." (ECF No. 10, p. 5). Plaintiff stated that he was willing to proceed only on these claims. (ECF No. 11). The Court found the complaint appropriate for service of process, and noted that it was not dismissing any claims or defendants. (ECF No. 12).

1

However, it appears that one asserted claim was omitted from the Court's original screening order. While Plaintiff listed four claims on the form portion of his complaint (ECF No. 1, p. 3), all of which were allowed through, the text of Plaintiff's complaint arguably includes a fifth claim (Id. at p. 5), which was not addressed in the Court's original screening order.

As Plaintiff's fifth claim does not state a claim upon which relief may be granted, and as Plaintiff agreed to proceed only on the claims the Court found cognizable, the Court now recommends dismissing that claim.

**II.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d

677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges that on November 12, 2012, while incarcerated at California Correctional Institution, in Tehachapi, California (CCI), defendant Herrick came to his cell and without cause or justification pepper sprayed him. Defendant Parker observed this happening and did nothing to stop it.

Plaintiff also alleges that defendants Herrick and Parker retaliated against Plaintiff for telling Defendants that Plaintiff had a grievance for them to sign. Plaintiff had attended an interview when arriving at CCI. The door was left open, which allowed the prison guards escorting Plaintiff to listen to everything that was said. Plaintiff had said during the interview that the prison officials at High Desert State Prison were treating inmates poorly as a common practice.

As Plaintiff was escorted back to his unit, Correctional Officer ("C/O") Lima asked Plaintiff about Plaintiff's mistreatment. Plaintiff complained about officers taking things out on inmates. C/O Lima said "yeah we might start doing that around here too."

About two months after the interview, Plaintiff's cell mate asked for a cell move. The request was made to C/O Lima, who responded with an expletive and "you guys better fight and handle it like a man or I'll handle that [expletive] for you." After Plaintiff's cell mate asked again, c/o Lima came to the cell and told the cell-mate to cuff up. He opened the tray slot. As soon as the cell mate opened he tray slot, Plaintiff's cell-mate was pepper sprayed by C/O Lima. C/O Lima then told Plaintiff to cuff up and moved him to another cell. C/o Lima then wrote up a false CDC-115 charging Plaintiff with battery on his cell mate. This was done to cover up using pepper spray that day.

Plaintiff was moved to another unit and two other officers told Plaintiff not to file

3

grievances of it would make matters worse.

Plaintiff was threatened by co-workers of defendant Herrick not to complain. Plaintiff nevertheless filed a grievance. After that time, in December 2012, Defendants pepper sprayed Plaintiff again when they were passing out breakfast trays. Defendants Herrick and Parker claimed that Plaintiff tried to grab them and refused to obey orders, but this was false. The false accusation was made to cover up the use of excessive force by Defendants.

**IV.    SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite

4

causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## V. EVALUATION OF PLAINTIFF'S CLAIM AGAINST DEFENDANT HERRICK FOR FILING A FALSE RULES VIOLATION REPORT

a. Legal Standards

Filing false allegations by itself does not violate a prisoner's constitutional rights so long as (1) the prisoner receives procedural due process before there is a deprivation of liberty as a result of false allegations, and (2) the false allegations are not in retaliation for the prisoner exercising constitutional rights. Specifically, the Ninth Circuit held in Hernandez v. Johnston, 833 F.2d 1316 (9th Cir. 1987) that inaccurate information in a prison record did not violate the prisoner's due process rights. Id. at 1318 ("Magistrate Burgess did not discuss Hernandez' separable claim of a due process right to accurate information in his prison record. We address the issue, and hold that Hernandez was not deprived of liberty by the presence of the challenged statements.").

While the Ninth Circuit has not directly addressed whether a false rules violation report alone violates a prisoner's constitutional rights, this specific issue was thoroughly addressed in a decision of this district, which was affirmed by the Ninth Circuit in an unpublished decision:

> A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *See Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983. *See Freeman,* 808 F.2d at 951 (the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); *Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th *Cir.* 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").
>
> Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California relying on the cases cited above have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983. *See, e.g., Conner v. Winslow,* No. EDCV 07–218 AG (AN), 2009 WL 1549737 at *18 (C.D. Cal. June 1, 2009); *Williams v. Foote,* No. CV 08–2838

CJC (JTL), 2009 WL 1520029 at *7 (C.D. Cal. May 28, 2009); *Salisbury v. Miller,* No. C 08–4680 MHP (pr), 2009 WL 743925 at *2 (N.D. Cal. Mar. 18, 2009); *Meraz v. Reppond,* No. C 08–4540 MHP (pr), 2009 WL 723841 at *2 (N.D. Cal. Mar. 18, 2009); *Rodgers v. Reynaga,* No. CV 1–06–1083 JAT, 2009 WL 62130 at *2 (E.D. Cal. Jan. 8, 2009); *Drake v. Berg,* No. C 07–3844 PJH (PR), 2008 WL 4482848 at *1 (N.D. Cal. Oct. 1, 2008); *Moore v. Thomas,* No. C 06–2105 SBA (PR), 2008 WL 4447726 at *4 (N.D. Cal. Sept. 30, 2008); *Deadmon v. Grannis,* No. 06–cv–1382 LAB (WMC), 2008 WL 595883 at *10 (S.D. Cal. Feb. 29, 2008); *Carrillo v. Pena,* No. CIV S–06–2924 RRB DAD, 2007 WL 2994689 at *2 (E.D. Cal. Oct. 12, 2007); *Player v. Salas,* No. 04–cv–1761 LAB (WMc), 2007 WL 2781102 at *7 (S.D. Cal. Sept. 21, 2007), *aff'd* 2009 WL 890967 (9th Cir. Apr.3, 2009); *Brookins v. Terhune,* No. CIV S–03–0916 GEB JFM, 2005 WL 3262940 at *4 (E.D. Cal. Nov. 28, 2005), *adopted by* 2006 WL 647975, *aff'd* 2007 WL 2827544 (9th Cir. Sept.27, 2007).

Harper v. Costa (E.D. Cal., June 16, 2009, No. CIVS07-2149LKK DADP) 2009 WL 1684599, at *2–3, subsequently aff'd, 393 Fed.Appx. 488 (9th Cir. 2010).

       b.  Analysis

Plaintiff alleges that defendant Herrick filed a false rules violation report against him. According to Plaintiff, defendant Herrick claimed that Plaintiff tried to grab defendant Herrick and defendant Parker and refused to obey orders, but this was false

In light of the legal standards described above, Plaintiff fails to state a constitutional claim based on the alleged false allegations against him. The filing of a false rules violation report in and of itself does not violate the Constitution, so long as Plaintiff received procedural due process before there was a deprivation of liberty as a result of false allegations, and the false allegations were not in retaliation for Plaintiff exercising constitutional rights.

There are no allegations in the complaint that Plaintiff failed to receive due process before being deprived of a liberty interest. Additionally, Plaintiff has alleged that the false allegations were made to cover up the use of excessive force, not to retaliate against Plaintiff because he was exercising his constitutional rights. Accordingly, Plaintiff has failed to state a claim against defendant Herrick based on the alleged filing of a false rules violation report.

\\\
\\\
\\\

## VI. CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff has failed to state a claim against defendant Herrick based on the alleged filing of a false rules violation report. Additionally, Plaintiff agreed to go forward only on the claims the Court previously found cognizable (ECF No. 11).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's claim against defendant Herrick based on the alleged filing of a false rules violation report be DISMISSED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 14, 2018**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE